SIMMONS, Respondent v. ROCK ISLAND PLOW COMPANY, Appellant.

(171 N. W. 330).

(File No. 4468.   Opinion filed March 29, 1919.)

1. **Sales—Sale of Tractor, Whether by Dealer or Manufacturer's Agent, Test by Agent, Order by Vendee and Dealer, Approval by Agent, Effect.**

   Where, in a suit to recover on an alleged warranty of a plow tractor, defendant, manufacturer of the plow, defended on the ground that a local dealer, not defendant, sold the tractor; it appearing that the order for the implement was signed by both plaintiff and the dealer, and was accepted by defendant's traveling agent subject to approval of defendant, the agent taking possession of the original order; that dealer notified plaintiff that the tractor was at a certain place; that it was unloaded by and instructions as to operation given by the traveling agent who, after the dealer was notified by plaintiff that it did not operate, made some adjustments and gave certain instructions; that later defendant's expert mechanic again tried to make it work; a contract of sale thereof, between defendant and the dealer, containing a provision that defendant reserved the privilege of selling tractor direct to plaintiff with a commission clause being in evidence, together with defendant's evidence that the dealer was not its agent and had no connection with it in the transaction other than that of a retail dealer to whom defendant as wholesaler had sold the rig, that said traveling agent had authority only to make sales to retail dealers, and that said agent and said expert were merely assistants to said dealer; held, that the evidence, evidently believed by jury, was sufficient to sustain verdict for plaintiff on the theory that defendant sold the tractor to plaintiff.

2. **Damages—Sale of Tractor—Excessive Damages, Conflicting Evidence, Affirmance.**

   Where, in a suit for damages upon an alleged warranty of a tractor, evidence was conflicting as to its value, held, the verdict for plaintiff should be sustained.

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by J. E. Simmons, against the Rock Island Plow Company, a corporation, to recover damages upon warranty of sale of a plow tractor.

From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Bailey & Voorhees,* for Appellant.

*Bates & Bates,* and *E. H. Wilson,* for Respondent.

McCOY, J. Plaintiff brought this action for damages alleged to have been suffered by him on account of the failure of a certain tractor and plow rig to work as agreed. It is alleged that said tractor was purchased from the defendant under an express warranty that the same was in good condition and working order, and had sufficient power to pull the plows so as to successfully plow land to a depth of 7 to 11 inches, if necessary; that said tractor failed to fulfill or comply with the conditions of said warranty; that plaintiff thereupon offered to return said tractor to defendant, but defendant refused to receive it or return to plaintiff the price paid therefor; that at the time of purchase of said tractor plaintiff paid to defendant the sum of $1,025, as the purchase price therefor; that plaintiff in good faith endeavored to use said tractor and plows for the purposes for which they were warranted and sold, and in so doing was obliged to and did incur expense in the sum of $400; and that by reason of the premises plaintiff sustained damages in the amount of $1,425. Defendant answered, specifically denying that it sold the said tractor and plow rig to plaintiff, and further alleged that if said tractor and plow failed to work or perform properly the work for which it was intended, or failed to comply with the terms of said warranty, that such failure was due not to any defect in the construction or condition of said tractor and plow, but was due entirely to the failure of plaintiff to properly or efficiently operate or care for said tractor and plow, and that plaintiff failed and neglected to use ordinary care in the operation thereof. There was verdict and judgment in favor of plaintiff for the sum of $1,150 damages.

[1] The first contention of appellant is that it never sold to respondent the said tractor and plow, that the same were sold by

appellant to one Scheier, a retail implement dealer, and that said Scheier, in fact sold said tractor and plow to the respondent. Respondent testified that about September 1, 1916, Scheier asked him if he thought of purchasing a tractor; that on about October 9, Scheier telephoned that an agent of the Rock Island Plow Company was in town and would like to show him a tractor that was running near Monroe; that he went and they took the tractor into the field and operated it; that Bridges, the traveling agent of the Rock Island Plow Company, asked him how he liked the running of it; that he told him, "Nicely," but, if he bought a tractor, he wanted to plow much deeper than that; that he wanted to plow seven, eight, or nine inches; that Bridges said, "You can plow nine or eleven inches with this outfit;" that he told Bridges that, if it could not plow seven or eight inches deep, he did not want it; that he said to Bridges, "Suppose, when this tractor comes, it will not do this kind of work;" and he said, "We will have a man right there to fix it and make it work; if not, we will furnish another machine that will work, or give your money back;" that he told Bridges he would take the machine, and if it would not plow to the depth wanted he would not keep it; that they agreed upon the price of $1,025; that there was a written contract, signed by Bridges, Scheier, and himself, as follows:

"Rock Island Plow Company of Sioux Falls, S. D.—Gentlemen: Please enter the following order for shipment on or about at once from Sioux Falls, S. D., via C. & N. W. R. R. Consigned to J. A. Scheier, Salem, in accordance with agreements and conditions herein expressed.

| Quantity. | Description. | Net Price of Each. |
|---|---|---|
| 1 | Model C, Heider tractor and plow. | |
| 1 | No. 12 engine gang. | |
| 3 | No. 68 shares. | |

"For which the undersigned hereby agrees to make settlement as per prices herein named and on the following terms $100.00 with order and balance when tractor arrives.

Sign here: "J. E. Simmons.
"J. A. Scheier.

"Accepted, subject to approval of the Rock Island Plow Company of Sioux Falls, S. D.

"L. D. Bridges, Agent."

Respondent further testified that said contract was drawn and executed in duplicate, and Bridges took possession of the original, and the carbon copy was delivered to respondent; that two or three days later Scheier telephoned him that the tractor was in Salem; that the tractor was unloaded and operated by Bridges, who "instructed us how to operate the same; that we plowed two fields three to four inches deep; the engine would not pull the plows at greater depth than four inches; the following day we tried to operate, and it would not plow properly; we notified Scheier, and Bridges came and made some adjustments;" it would not plow any deeper; he told Bridges that he had to have it fixed immediately, or have an outfit that he could plow with; Bridges told him to get heavier oil, and that he did so, and instructed on how to operate the machine; that he made complaint to Scheier as agent of the appellant, and in answer thereto one Waugh, an expert mechanic employed by the Rock Island Plow Company, came out in the fall of 1916, and again tried to make it work in the spring of 1917, and it would not work; that after the failure of the expert to make said rig work he wrote the Rock Island Plow Company, demanding the return of the purchase price, and notified appellant that the rig would be thereafter at its risk, and that he did not consider the machine his during the litigation; that appellant failed and refused to pay back to respondent any part of the said purchase price.

The appellant offered in evidence a contract between itself and Scheier whereby appellant purported to sell said tractor rig to Scheier on the 9th day of October, 1916. Appellant also offered testimony tending to show that Scheier was not an agent of appellant, and had no connection with appellant in this transaction, other than that of a retail implement dealer to whom appellant as wholesaler had sold said rig; that Bridges was not a general agent, and had no authority to make such sales to any person other than local retail dealers, and that the only function of Bridges or Waugh in connection with this transaction was to assist the local dealer, Scheier, in carrying out his contract with

the respondent as a purchaser of machinery handled by appellant. We are of the opinion that the evidence, which evidently was believed by the jury, was sufficient to sustain the verdict on the issue that said machine was sold to respondent by appellant. It is significant that the said contract between appellant and Scheier contained a provision that appellant reserved the privilege of selling said machine direct to respondent, and in which case a commission of $100 should be paid to Scheier, and which contract was executed by appellant by its said agent, Bridges. The query naturally arises, in case appellant should exercise the privilege of making said sale itself, who other than Bridges was on the ground to make such sale? The contract or order to appellant signed by respondent, although not dated, is shown by the evidence to have been executed on the 9th or 10th day of October, 1916. This order contract executed by respondent provided that it was accepted by Bridges subject to the approval of appellant, and yet Bridges testified that he never sent the same to any officer of appellant and never told any of such officers thereof; that he never had possession of the original of this order contract; that it was delivered to Scheier by respondent. The jury evidently believed the testimony of respondent that he delivered the original to Bridges. This order contract being made subject to the approval of appellant, when the rig came some two or three days later, the respondent, not knowing of any other contract, would naturally assume that the appellant had accepted and approved the order contract signed by respondent. All the surrounding circumstances strongly tend to show that respondent purchased from appellant, and not from Scheier, that Bridges, who was on the ground, was acting for appellant with at least ostensible authority to make such sale, and to make the said representations and conditions upon which said sale transactions were based. We are of the view that this agent, Bridges, could not deliberately suppress the contract that was executed by respondent, and substitute in place thereof the contract between appellant and Scheier.

[2] Appellant also contends that the damages awarded by the jury are excessive. The evidence was conflicting as to the value of the tractor rig, as it in fact turned out to be. We are of the

view that the verdict is sustained by the evidence on this issue. All assignments of error have been considered.

Finding no error in the record, the judgment and order appealed from are affirmed.